No. 50005.—Protests 94022–K, etc., of James H. Rhodes & Co. et al. (New York).

KEEFE, Judge:   This case involves the classification of certain Tam O'Shanter octagon blocks, rectangular blocks, rectangular polishing blocks, rough Scotch hones, and Dalmore sharpening hones and rectangular blocks, imported from Scotland.   The articles were assessed for duty at 30 percent ad valorem under paragraph 214, Tariff Act of 1930.   The plaintiffs claim that the articles are free of duty under paragraph 1692, as whetstones.

At the trial of this case it was stipulated and agreed by and between the attorney for the plaintiffs and the Assistant Attorney General for the United States as follows:

\* \* \* that the items marked "A" and checked AB by Examiner A. Brengel on the invoices covered by the above enumerated protests, assessed with duty at 30% ad valorem under Par. 214, Tariff Act of 1930, are the same in all material respects as the merchandise held free under Par. 1692 in *James H. Rhodes & Co.* v. *United States*, Abstract 49359.

It is further stipulated and agreed that the merchandise marked "B" and checked AB by Examiner A. Brengel on the invoices covered by the above named protests, assessed with duty at 30% ad valorem under Paragraph 214, Tariff Act of 1930, are the same as the items of merchandise 25 per cent of which was held free under Paragraph 1692 in *James H. Rhodes & Co.* v. *United States*, Abstract 49359.

It is further stipulated and agreed that the record in Abstract 49359 be received in evidence herein and that the protests be submitted on this stipulation, the protests being limited to the items marked "A" or "B" as aforesaid.

Right to first docket call and right to amend are hereby waived.

In the case of *James H. Rhodes & Co.* v. *United States*, Abstract 49359, the merchandise at issue was limited to Tam O'Shanter sharpening hones, joiners hones, and octagon blocks which measure 8 x 8 inches or smaller in diameter, the claims against all other sizes of said merchandise being abandoned.   The evidence established that such stones measuring 6 x 6, 7 x 7, or 8 x 8 inches in diameter were chiefly used as whetstones rather than as polishing stones in textile works or by rotogravure printers; and that octagon stones invoiced as measuring between 8–10 inches in diameter by 2½–4 inches thick contained at least 25 percent of stones measuring 8 inches in diameter or less.   From the evidence, including the incorporated records in *Stein* v. *United States*, 6 Cust. Ct. 443, C. D. 511, and exhibit 1 therein, and *Pearson* v. *United States*, T. D. 47136, and exhibit 5 therein, affirmed in 23 C. C. P. A. 35, T. D. 47684, the court sustained the protests as to Tam O'Shanter octagon sharpening hones, 7½–8 inches x 3–4 inches, Tam O'Shanter joiners hones, 6–7 inches by 2 inches by ¾–1 inch, and Tam O'Shanter octagon blocks, 7½–8 inches, and 25 percent of such blocks invoiced as measuring 8–10 inches x 2½–4 inches, holding such merchandise entitled to free entry under paragraph 1692 as claimed.

The merchandise herein marked "A" on the invoices consists of Tam O'Shanter octagon blocks measuring 7–8 inches x 2½–4 inches, and Tam O'Shanter blocks

measuring 6–8 inches by 3–4 inches by 4–5 inches, the latter apparently rectangular blocks. The merchandise marked "B" on the invoices herein consists of Tam O'-Shanter octagon blocks invoiced as 8–10 inches x 2½–4 inches, and Tam O'Shanter rectangular polishing blocks, measuring 8 inches by 5 inches by 4 inches.

Inasmuch as it is agreed between counsel with approval of the appraiser that the merchandise marked "A" on the invoices together with the initials of the examiner and 25 percent of the merchandise marked "B" on the invoices together with the initials of the examiner is the same in all material respects as the merchandise the subject of decision in the *Rhodes* case, *supra*, which was held to be free of duty under paragraph 1692, we accordingly hold that the items of merchandise marked "A" and 25 percent of the items of merchandise marked "B" on the invoices together with the initials of the examiner are entitled to free entry under said paragraph 1692 as whetstones.

Judgment will therefore be entered in favor of the plaintiffs to the extent specified and in all other respects the protests are overruled, and the collector will reliquidate the entries, making refund accordingly.